UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WESTERN AEROSPACE CORP.,

    Plaintiff,

    v.

JOHN GLOWCZYK,

    Defendant.

Case No. C06-896RSL

ORDER DENYING
MOTION TO COMPEL

## I. INTRODUCTION

This matter comes before the Court on a motion to compel (Dkt. #26) filed by defendant John Glowczyk, who moves to compel plaintiff Western Aerospace Corporation ("Western Aerospace") to respond fully to his discovery requests. For the reasons set forth below, the Court denies the motion.

## II. DISCUSSION

Glowczyk served his First Set of Interrogatories and Requests for Production of Documents (the "discovery requests") on September 26, 2006. Western Aerospace produced some documents on October 20, 2006, before responses were due. It produced additional documents on October 31, November 1, November 8, November 9, November 15, November 16, November 21, and November 27, 2006. The parties participated in mediation on November 1,

ORDER DENYING
MOTION TO COMPEL- 1

2006 but were unable to settle the case.  Western Aerospace served its responses to the discovery requests on November 3, 2006.

      The parties dispute whether they conferred in good faith before Glowczyk filed this motion.  Defense counsel asserts that he conferred with Western Aerospace's counsel multiple times in telephone calls, e-mails, and letters.  The letter and spirit of Rule 37, however, do not focus on the quantity but rather the quality of communications.  Inherent in the requirement of a good faith effort to resolve the matter without the Court's intervention is that the parties negotiate and attempt to compromise until no additional progress is possible, the equivalent of an impasse in negotiations in traditional labor law.  In this case, no impasse was reached.  Instead, counsel spoke via telephone on November 2 and 9.  Glowczyk's counsel sent a letter to Western Aerospace's counsel dated November 10, 2006 requesting supplemental responses to the discovery requests, memorializing counsel's discussions regarding their requested depositions, suggesting that the parties further discuss the issue of a Rule 37 Joint Submission, and noting that with regard to the discovery requests, "[t]here are other answers which we will need to further discuss."  Declaration of Roger Kindley, (Dkt. #27) ("Kindley Decl."), Ex. at p. 47.  Despite the suggestion for further discussions, counsel never discussed the discovery requests again prior to filing this motion.  Instead, Glowczyk's counsel sent an e-mail after normal business hours on November 15, 2006 requesting agreement to file a Rule 37 Joint Submission.  Western Aerospace's counsel responded early in the morning on November 16, requesting to know what issues defense counsel believed must be submitted to the Court.  Declaration of Randall Beighle, (Dkt. #30) ("Beighle Decl."), Ex. C ("We have provided the discovery requested by Glowczyk and you need to tell us what discovery is still owed").  Defense counsel responded by explaining that although he requested "all financial data," he was unable to locate those documents in the production and requesting to know which document numbers represented the financial documents.  Id.  Glowczyk filed a motion to compel later that same day, without waiting for Western Aerospace's counsel's responsive e-mail sent at 5:28

ORDER DENYING
MOTION TO COMPEL- 2

p.m. which identified the financial documents already produced by Bates numbers.

The communications leading up the motion reflect mutual efforts to cooperate and several vague demands for additional information to supplement the discovery responses, followed by Glowczyk precipitously filing this motion. Western Aerospace's counsel was attempting to cooperate by producing the requested documents and responding to Glowczyk's inquiries. At the time the motion was filed, it is clear that the parties were continuing to make progress in resolving the dispute. Because Glowczyk's counsel failed to meet and confer in good faith prior to bringing this motion, it is denied.

For the sake of efficiency, the Court will address the remaining issues in Glowczyk's motion. First, it appears that all responsive documents have now been produced. Second, Glowczyk's request for sanctions is denied as unwarranted and because he failed to comply with the meet and confer requirement. Third, the Court will not strike Western Aerospace's objections to the discovery responses as untimely as Glowczyk requests. Glowczyk notes that Western Aerospace's responses and objections were due on October 26, 2006 but were not received until November 3, 2006. Western Aerospace responds that it was focusing on the parties' mediation, which occurred in the interim. Western Aerospace should have requested an extension to provide the responses and objections late. However, the delay is understandable in light of the intervening mediation. Also, Glowczyk has not shown any resulting prejudice, and striking the objections is too extreme a sanction for a brief one-week delay. Western Aerospace also asserts that Glowczyk failed to timely produce some requested information in discovery. Although Glowczyk claims that his own delay is irrelevant to this motion, it further undermines his request for sanctions against Western Aerospace.

Glowczyk also alleges that although Western Aerospace has stated that it has produced all non-privileged documents, it has not produced a privilege log. If Western Aerospace has withheld some responsive documents based on a claim of privilege, it must produce a privilege log within two weeks of this order.

ORDER DENYING
MOTION TO COMPEL- 3

Finally, Western Aerospace has requested that the Court impose sanctions on Glowczyk for filing this motion without complying with the meet and confer requirement. As set forth above, Glowczyk filed this motion even though counsel were still in the process of cooperating to resolve the dispute. Although Glowczyk accuses Western Aerospace of refusing to respond fully prior to the motion, Western Aerospace produced a large number of documents prior to the motion. Glowczyk also alleges that there were gaps in the documents Western Aerospace produced on CD's, but it appears that some of those gaps and the resulting delay were due to defense counsel's lack of knowledge of how to access the CD's. Moreover, the communications show that before he filed this motion, Glowczyk did not clearly or specifically inform Western Aerospace of the alleged shortcomings in the responses. Once he did so, Western Aerospace promptly provided the requested information. For all of these reasons, the Court seriously considered the imposition of sanctions for Glowczyk's failure to more fully confer in good faith prior to filing this motion. Fed. R. Civ. P. 37. However, the Court has decided to admonish counsel instead and to encourage both sides to meet and confer face-to-face in the future to avoid misunderstandings and mis-communications.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES Glowczyk's motion to compel (Dkt. #26) and denies both parties' requests for sanctions.

DATED this 20th day of December, 2006.

Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO COMPEL- 4